IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Wayne Mikell, Jr., <br><br> Plaintiff, <br><br> v. <br><br> State of South Carolina; York County; Clerk of York County General Sessions Court, <br><br> Defendants. | C/A No. 0:22-cv-1207-JFA-SVH <br><br><br> **ORDER** |

## I.     INTRODUCTION

The *pro se* plaintiff, Kenneth Wayne Mikell ("Plaintiff"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

This action was transferred to the District of South Carolina after Plaintiff initially filed the complaint in the Southern District of Georgia. (ECF No. 5). After reviewing the complaint and issuing a proper form order, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 12). Within the Report, the Magistrate Judge opines that this Court should dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] *Id.* The Report sets forth, in detail, the

---

[1] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

1

relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on April 27, 2022. *Id.* Plaintiff filed a motion to amend his amended complaint (ECF No. 15) along with objections to the Report on May 9, 2022. (ECF No. 16). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

2

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter have been incorporated from the Report. Within the Report, the Magistrate Judge recommends Plaintiff's claims be dismissed for a number of reasons including Eleventh Amendment immunity, failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, quasi-judicial immunity, and being barred by the statute of limitations. (ECF No. 12). Although the Court agrees with the entirety of the Magistrate Judge's reasoning, the Court need only discuss the statute of limitations because that is dispositive of the entire complaint.

Most of the arguments included in Plaintiff's responsive filing do not constitute specific objections to the Report. (ECF No. 16). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

However, when liberally construed, the Court is able to identify two discernable objections that are not conclusory statements. First, Plaintiff avers that the Magistrate Judge made an improper speculation and "violates the evaluation of Plaintiff's allegation that he was not in court, but rather in prison on the date of said hearing" and that the allegation should be assumed as true. (ECF No. 16). In the Report, the Magistrate Judge notes that "Plaintiff alleges he was not present at the hearing" and that he had attached the record indicating "he was in custody of the South Carolina Department of Corrections ("SCDC") from April 10, 1992, until November 10, 1993." (ECF No. 12 at 1-2).

4

Specifically, the Magistrate Judge mentioned the fact that Plaintiff entered SCDC custody on the same day as the guilty plea does not prove that he was not at the hearing. *Id.* at n.1. This reasoning does not invalidate Plaintiff's allegation. Instead, it merely states that he could have been taken into custody as a result of the conviction and sentence at the date of the hearing. Thus, the Magistrate Judge did not err in this instance as Plaintiff suggests. Regardless, this claim would still be barred by the statute of limitations.

Second, Plaintiff asserts that the Magistrate Judge erred in concluding that his claim is barred by the statute of limitations. (ECF No. 16).[2] He contends that the statute of limitations should not apply to this action because the defendants in this case made a null and void judgment by allegedly sentencing him when he was not present in the courtroom. *Id.*

A statute of limitations is not contained within the text of § 1983. However, the Supreme Court has held that the state's general statute of limitations for personal injury claims applies. *Owens v. Okure*, 488 U.S. 243, 249 (1989); *see also Owens v. Balt. City State's Attys Off.*, 767 F.3d 379 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal injury suit."). Personal injury actions in South Carolina must be brought within three years. S.C. Code Ann. § 15-3-530 (5). Thus, in South Carolina, a plaintiff must bring a § 1983 claim within three years

---

[2] Plaintiff does not object to the Magistrate Judge's conclusion that under 28 U.S.C. § 1915, a plaintiff proceeding in forma pauperis may be subject to summary dismissal based on the statute of limitations. (ECF No. 12 at 6). Instead, Plaintiff objects to the application of the statute of limitations in general to his claim. (ECF No. 16 at ¶ 4).

5

of the injury or when the plaintiff should have reasonably discovered the injury. S.C. Code Ann. § 15-3-535.[3]

Construing the objections liberally, Plaintiff contends that the statute of limitations should be tolled because the April 10, 1992, judgment was null and void due to his absence from the hearing. (ECF No. 16). Plaintiff states he was unaware of that conviction; however, he asserts that it caused an enhancement to his Georgia state sentence that occurred in January in 2003. *Id.* Therefore, Plaintiff knew or should have known by the time the Georgia state sentence was rendered in January of 2003 of the alleged wrongful conviction. Thus, the basis of his complaint—that his rights were violated when he was not present for the hearing in April of 1992 in York County—began to accrue no later than January of 2003. Now, nearly two decades after he knew or should have known of the hearing that is the basis for his complaint, Plaintiff seeks redress under the argument that the judgment should be declared null and void. This Court declines to entertain that prayer for relief. Plaintiff was required to bring the action by February of 2006 at the latest. Plaintiff did not. Furthermore, a null and void judgment is not a basis from which a statute of limitations is tolled.[4] Thus, Plaintiff's objection is overruled. Because this issue is

---

[3] *See Hoffman v. Tuten*, 446 F.Supp.2d 455, 459 (D.S.C. 2006) (finding that the analogous statute to the plaintiff's *Bivens* claim was under S.C. Code Ann. § 15-3-535, where the applicable statute of limitations portion states all claims brought "under section 15-3-535(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."); *see also Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975) (holding that the time of accrual under a civil rights action is a question of federal law and that occurs when a plaintiff knows of the injury or has reason to know of the injury that is the basis for the action).

[4] *See James v. Cartledge*, No. CV 1:15-3112-TMC, 2016 WL 429481, at *1 (D.S.C. Feb. 4, 2016) (where the plaintiff in that case contended "that his conviction is invalid and null and void, and,

6

dispositive of Plaintiff's entire complaint, the Court declines to address the other objections.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report. (ECF No. 12). Thus, Plaintiff's claims are summarily dismissed with prejudice. Additionally, the motion to amend his complaint (ECF No. 15) is moot because any amendment would be futile as the amended complaint would remain barred by the applicable statute of limitations.[5]

IT IS SO ORDERED.

June 29, 2022                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

---

therefore, this habeas action cannot be barred by the statute of limitations. Presumably, [the plaintiff] is arguing that if his conviction was never valid, it never started the clock running on the statute of limitations." However, the court explained that this is not the law as that argument fails to explain why the plaintiff did not seek timely review. (citing *Saunders v. Clarke*, C/A No. 3:11cv170, 2012 WL 1580427, at *1 (E.D.Va. May 4, 2012)).

[5] Federal Rule of Civil Procedure 15 (a) provides that leave to amend a complaint should be denied as futile when the proposed amendment is clearly insufficient or frivolous on its face. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (affirming the district court's holding that plaintiff's amendment was futile as it was barred by the statute of limitations and did not relate back).